IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Lott, | ) | Civil Action No. 2:18-1777-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Timothy Budz, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 58) recommending that Plaintiff Mark Lott's motion for a temporary restraining order (Dkt. No. 47) be denied. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Plaintiff's motion.

I. **Background**

Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that Defendant, as the Director of Correct Care Recovery Solutions, failed to protect Plaintiff while he was in custody. (Dkt. No. 11.) Plaintiff is currently a civilly committed individual at Correct Care Recovery Solutions, and he now moves for a temporary restraining order ("TRO"). (Dkt. No. 47.) Plaintiff seeks "an immediate injunction against co-resident O'Brien Whitlock" being within 100 feet of him. (*Id.*) Plaintiff states he is scared to be near Mr. Whitlock because Mr. Whitlock hit and stabbed him with a pen when Plaintiff joined in a fight between Mr. Whitlock and Joey Ginn in an attempt to protect Mr. Ginn. (*Id.*; Dkt. No. 11 at 5-6.) On February 22, 2019, the Magistrate Judge issued an R & R recommending that the Plaintiff's motion for a TRO be denied. (Dkt. No. 58.) Plaintiff has not filed objections.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is therefore reviewed for clear error.

### B. Preliminary Injunction

A party seeking a preliminary injunction must make a "clear showing" that (1) he is likely to succeed on the merits, (2) he is likely to suffer imminent and irreparable harm absent preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013). This showing is required because such interim relief is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances

which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

### III. Discussion

As the Magistrate Judge correctly concluded, the Plaintiff's motion should be denied. Plaintiff's motion is appropriately construed as seeking a preliminary injunction rather than a temporary restraining order as Plaintiff failed to adhere to the Federal Rules of Civil Procedure regarding TROs. Under the *Winter* framework, Plaintiff has not demonstrated that he will suffer irreparable harm. Plaintiff's allegation that Mr. Whitlock may "end up being around [him] at some time or another" is merely speculative and fails to show any actual harm. Further, Defendant's statement that he has already taken steps to reduce the possibility of contact further supports the Magistrate Judge's determination that Plaintiff failed to show irreparable harm. (Dkt. No. 50 at 3 – 4.)

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 58) and **DENIES** Plaintiff's motion for a temporary restraining order (Dkt. No. 47).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 15, 2019
Charleston, South Carolina